### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

**KEON V. LIPSCOMB,**

     **Plaintiff,**

**v.**

                                    **Case No. 24-cv-1402-SPM**

**ANTHONY WILLS and**
**OFFICER RAMSEY,**

     **Defendants.**

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Plaintiff Keon V. Lipscomb, an inmate of the Illinois Department of Corrections who is currently incarcerated at Pontiac Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Menard Correctional Center. In the Complaint, Lipscomb alleges that Officer Ramsey used excessive force and denied Lipscomb access to his medications. He raises claims pursuant to the Eighth Amendment and Illinois law.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

**The Complaint**

In his Complaint,[1] Lipscomb makes the following allegations: On May 15, 2024 at 2:00 a.m., Nurse Liz passed out medication to Lipscomb for his various conditions (Doc. 1, p. 2). Lipscomb alleges that he receives medications for nerve pain and high blood pressure, as well as psychiatric medications for his mental illness (*Id*.). Without his medications, he suffers from pain, issues with his blood pressure, and can become delusional (*Id*.). When Nurse Liz approached his cell, Officer Ramsey opened the food hatch to allow Lipscomb to receive his medications. After receiving his medications, Officer Ramsey made a derogatory comment about being able to see Lipscomb's genitals (*Id*.). Lipscomb notes that Officer Ramsey is homosexual and known for making uncomfortable comments and actions towards inmates. When Lipscomb asked Ramsey to stop making inappropriate statements, Ramsey became upset and threatened Lipscomb with mace (*Id*.). Ramsey then threw a cup of hot water at Lipscomb, noting that he hoped it burned Lipscomb. Lipscomb notes that he keeps a milk carton of hot water on his food tray to cool because his cell only has hot water (*Id*. at pp. 2, 4). Ramsey also informed Lipscomb that he would stop the nurses from delivering his medications.

_____

[1] Subsequent to filing his Complaint, Lipscomb filed another document labeled as an affidavit (Doc. 12). The document appears to be a piecemeal attempt by Lipscomb to amend his Complaint. He notes additional defendants including an Officer N. Koester and Officer Flicker. But the Court does not accept piecemeal amendments to the Complaint. An amended complaint supersedes and replaces the original complaint. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir.2004). Thus, an amended pleading must stand on its own with no reference to the previous filing. Lipscomb's filing appears to be new allegations regarding harassment from various officials at Menard. The allegations appear unrelated to Lipscomb's allegations against Officer Ramsey. To the extent Lipscomb wishes to proceed with these new allegations, he would have to file a new case after first exhausting his administrative remedies.

Lipscomb alleges that after this incident, Ramsey prevented Lipscomb from receiving his medications on a number of occassions. On May 19, 2024, Ramsey did not allow the nurse to hand out medications to Lipscomb (*Id*. at p. 2). On May 22, 2024, Ramsey told Nurse Liz that Lipscomb will not get his medications (*Id*.). Although Lipscomb directly asked Nurse Liz for his medications, she ignored him (*Id*. at p. 3). As a result of lacking access to his medications, Lipscomb suffered from nerve pain, arthritis pain, and mental health issues (*Id*.).

### <u>Preliminary Dismissals</u>

Although Lipscomb identified Anthony Wills as a defendant in the caption of the case, he fails to include any allegations against Wills in his statement of claim. He merely states that Wills was the warden who is in charge of protecting inmates in his custody (Doc. 1, p. 1). He also notes that Wills was made aware of Ramsey's harassment but fails to indicate when he spoke to Wills or when he was made aware of Ramsey's actions. Although he alleges Wills failed to prevent future assaults and denials of Lipscomb's medication, there are simply no allegations suggesting that Wills was personally aware of a possible attack, future harassment, or the denial of medications. Nor can Wills be liable simply in his position as warden because the doctrine of *respondeat superior* (supervisory liability) does not apply to actions filed under Section 1983. *Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008). Thus, any claim against Wills is **DISMISSED without prejudice**.

## Discussion

Based on the allegations in the Complaint, the Court designates the following counts:

**Count 1:** **Eighth Amendment cruel and unusual punishment claim against Officer Ramsey for making sexual gestures toward Lipscomb and throwing hot water in his face.**

**Count 2:** **Eighth Amendment deliberate indifference claim against Officer Ramsey for preventing Lipscomb from receiving his medications.**

**Count 3:** **Illinois state law assault claim against Officer Ramsey for throwing hot water in Lipscomb's face.**

**Count 4:** **Illinois state law intentional infliction of emotional distress claim against Officer Ramsey for harassing Lipscomb, denying him medications, and throwing hot water in Lipscomb's face.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

At this stage, Lipscomb states a viable claim against Officer Ramsey in Count 1 for his harassment and use of force on May 15, 2024. *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). *See also Beal v. Foster*, 803 F.3d 356, 357-58 (7th Cir. 2015) (verbal sexual

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

harassment accompanied by physical conduct, which caused psychological trauma and placed inmate in danger of assault, stated Eighth Amendment claim). Lipscomb also states a viable claim against Ramsey for his refusal to provide his prescribed medications. Lipscomb alleges that Ramsey was aware of his numerous medical conditions, and his need for medication, but denied Lipscomb access to his medications after the May 15 incident. Thus, Count 2 shall proceed against Ramsey.

In addition to his Eighth Amendment claims against Ramsey, Lipscomb also adequately alleges state law claims for assault (Count 3) and intentional infliction of emotional distress (Count 4). Where a district court has original jurisdiction over a civil action, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a). Lipscomb's state law claims derive from the same factual allegations as his federal claims. *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008) (a loose factual connection between the federal and state claims is generally sufficient). Thus, the Court will exercise supplemental jurisdiction over Lipscomb's claims in Counts 3 and 4.

## Disposition

For the reasons stated above, Counts 1-4 shall proceed against Officer Ramsey. Anthony Wills and all other claims and defendants are **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Defendant Officer Ramsey: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendant's place of employment as identified by Lipscomb. If the defendant fails to sign and return the Waiver of Service of

Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the defendant can no longer be found at the work address provided by Lipscomb, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant Ramsey is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

**Because Lipscomb's claims involve his medical and mental health care, the Clerk of Court is DIRECTED to enter the Court's standard HIPAA Qualified Protective Order.**

If judgment is rendered against Lipscomb, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Lipscomb is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

     **IT IS SO ORDERED.**

     **DATED: November 14, 2024.**

                    */s/ Stephen P. McGlynn*
                    **STEPHEN P. McGLYNN**
                    **U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**